UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                  Case No: 6:25-cr-183-JSS-RMN-1

ARIELLA ARZENO,

     Defendant.

_____/

## **ORDER**

The Government "moves for an order committing the defendant to a suitable facility for a reasonable period (not to exceed 45 days) for the purpose of conducting a psychiatric or psychological examination to determine whether she was insane at the time of the charged offenses." (Dkt. 40 at 1.)  Defendant, who "has been out on release . . . and is complying with the conditions of her release" objects that the evaluation should not require "her to be remanded into custody." (Dkt. 42 at 1.)  On April 10, 2026, the court directed the Government to explain why a local physiological exam could not be performed. (Dkt. 46.)  On April 20, 2026, the Government responded that "[a]n outpatient psychological examination can be conducted by a local expert" and "commitment to a Bureau of Prisons facility is not necessary." (Dkt. 47.)

Under 18 U.S.C. § 4242(a), when a criminal defendant files a notice that she intends to rely on the defense of insanity, the court shall order that a psychiatric or

psychological examination of the defendant be conducted upon motion of the Government. Section 4247(b) specifies how such examinations are to be conducted. For examinations pursuant to an order under section 4242, "the court may commit the person to be examined for a reasonable period, but not to exceed forty-five days, to the custody of the Attorney General for placement in a suitable facility." 18 U.S.C. § 4247(b).[1]

"Although [section] 4247(b) uses the word 'may' when describing a district court's ability to commit a person to the [Bureau of Prisons] for an inpatient competency evaluation, the statute does not grant a district court unfettered discretion to order such a commitment." *United States v. Neal*, 679 F.3d 737, 740 (8th Cir. 2012). "In the absence of some evidence that commitment is necessary, a district court should not exact such a deprivation of liberty." *In re Newchurch*, 807 F.2d 404, 410 (5th Cir. 1986); *see United States v. Suessenbach*, No. 4:21-CR-00203, 2024 WL 1216722, at *2 (M.D. Pa. Mar. 21, 2024) ("Where the Government offers no evidence that commitment is necessary or that outpatient examination is insufficient, exacting such a deprivation of liberty is an abuse of discretion by the district court.").

Because it seems that "a valid examination can be conducted by an expert of the Government's choosing on an out-of-custody basis, . . . the [c]ourt believes that is

---

[1] Section 4247(b) also provides that "[a] psychiatric or psychological examination ordered pursuant to this chapter shall be conducted by a licensed or certified psychiatrist or psychologist, or, if the court finds it appropriate, by more than one such examiner" and that—for an order under section 4242 "[e]ach examiner shall be designated by the court" and "upon the request of the defendant an additional examiner may be selected by the defendant." 18 U.S.C. § 4247(b). Further, "[u]nless impracticable, the psychiatric or psychological examination shall be conducted in the suitable facility closest to the court." *Id.*

- 3 -

the preferable alternative." *See United States v. Krauth*, No. CR09-3044, 2010 WL 428969, at \*5 (N.D. Iowa Feb. 2, 2010); *see United States v. Song*, 530 F. App'x 255, 260 (4th Cir. 2013) (vacating and remanding district court order that "did not receive evidence upon which to base a custodial finding for [the defendant's] examination or make explicit factual findings").

Accordingly, the Government is **DIRECTED** to identify a local forensic examiner.

**ORDERED** in Orlando, Florida, on May 6, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

- 3 -